The People of the State of Illinois, Appellee, v. Claude Summers, Appellant.

Gen. No. 36,512.

Opinion filed October 25, 1933.

BENJAMIN C. BACHRACH and WILBERT F. CROWLEY. for appellant.

THOMAS J. COURTNEY, State's Attorney, for appellee; EDWARD E. WILSON, GRENVILLE BEARDSLEY and ALBERT WOLL, Assistant State's Attorneys, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

This is an appeal from a judgment and order of the criminal court finding that the defendant Claude Summers is now insane and committing the defendant to the Illinois Asylum for Insane Criminals at Chester, Illinois, until he shall have recovered or otherwise be discharged by due process of law.

It is the contention of the defendant that the order of commitment should have directed that the defendant be confined in such other hospital or institution other

than the Illinois Asylum for Insane Criminals at Chester, as the court in its discretion should deem proper. This court is asked to vacate the order of commitment heretofore entered and remand the cause with directions to enter a proper order committing the defendant to confinement in an institution for noncriminal insane persons.

It is important in the consideration of the question to keep in mind that the defendant in this proceeding has not as yet been found guilty of the crime charged in the indictment against him, nor has he been tried upon any charge whatsoever, so far as this record discloses.

October 30, 1930, in a proceeding in the county court of Cook county the defendant was found to be insane and ordered to be committed to Chicago State Hospital at Dunning, Illinois, and this order was carried out.

May 13, 1932, the Cook county grand jury returned an indictment for robbery, charging that the defendant prior to his commitment as an insane person had committed said crime on February 5, 1930.

November 4, 1932, the State's attorney of Cook county filed a written petition alleging that the defendant had recovered his sanity and requesting the court to impanel a jury to inquire into his sanity, preliminary to his being tried under the indictment. This issue was tried before a jury who found that the defendant was, at the time of the impaneling of the jury, insane and now is insane and a lunatic. As already stated, it is contended that the order of commitment should have directed that he be returned to the institution at Dunning, Illinois or some other State institution for the noncriminal insane and with this contention of the defendant we are inclined to agree.

The Illinois Asylum for Insane Criminals was provided for by an act of the legislature approved June 1, 1889, and was intended as a place for the criminal

insane. Cahill's Ill. Rev. St. 1931, ch. 23, ¶ 134, provides:

"That there be and is hereby created and established an asylum for the proper care, custody and treatment of insane criminals, to be known as the Illinois Asylum for Insane Criminals. . . ."

Section 6 of the same act found in Cahill's St. 1931, ch. 23, ¶ 139, provides: ". . . wardens of . . . their respective institutions (shall) proceed to transfer to said asylum for insane criminals all convict insane that may be in their respective institutions, all discharged convict insane, and all insane that shall have been sent to said hospitals under the *mittimus* of any of the several courts of this State."

Section 9 of the same act found in Cahill's St. 1931, ch. 23, ¶ 142, provides:

"The managing officer or the medical superintendent . . . may make application to the Department of Public Welfare, for an order of transfer of any or all criminal insane or mentally deficient persons . . . who have been guilty, previous to admission to the said institutions, of an act of homicide, . . ."

From a reading of the sections quoted, it would appear that it was the purpose of the enactment to provide for the transfer of those who had previously been found guilty of crime and not those who had been found insane but not guilty of crime.

The case of *People v. Scott,* 326 Ill. 327, was a case where the defendant had been found guilty and thereafter a petition in regard to his sanity presented to the court alleging that the defendant Scott had become insane after the entry of judgment against him in the criminal court. The same situation arose in the case of *People v. Geary,* 298 Ill. 236.

In the case of *People v. Johnson,* 298 Ill. 52, the defendant was found guilty by a jury and subsequently a

motion was filed to vacate the judgment on the ground that the defendant was insane at the time of the trial.

These cases cited by the People are all cases where the defendants had been adjudged guilty of crimes and therefore came under the classification of criminals, and, if insane, they belonged to that class enumerated in the statute as insane criminals. These cases have no application in our opinion to the facts arising under the proceeding before us. The presumption of innocence still existed in so far as the defendant in this case was concerned and there was no finding against him and no plea of guilty to the indictment and he, therefore, was, so far as the public was concerned, entitled to incarceration in another institution other than the institution known as the Illinois Asylum for Insane Criminals at Chester.

Since this appeal was perfected, however, the Act of 1889 has been amended by an act approved June 30, 1933 and in effect July 1, 1933, which provided for the institution of the Illinois Security Hospital on the premises now occupied by the Illinois Asylum for Insane Criminals. Section 2 of this act as found in Cahill's Ill. Rev. St. 1933, ch. 23, ¶ 140, provides as follows:

"Within the Illinois Security Hospital as thus instituted, there shall be confined the following classes of persons:

"(a) Every male person who, charged with the commission of a crime, cannot be put upon trial because adjudged lunatic or insane."

We are not called upon to pass upon the meaning of this enactment but from a cursory examination of the amendment it appears to have been enacted to supply the power lacking under the statute in effect at the time this order was entered, namely, to transfer persons to the State Institution for Insane Criminals before trial.

For the reasons stated in this opinion the judgment order of the criminal court is reversed and the cause is remanded with directions to that court to enter an order committing the defendant to a place of confinement provided by law for noncriminal insane persons as prayed for in this appeal.

*Reversed and remanded with directions.*

HALL, P. J., and HEBEL, J., concur.